SYLVESTER M. KEIPER v. WALLACE B. HAWK AND MARION HAWK, *Partners, et al.*

**No. 300.**

TOWNSHIP TRUSTEE — *Authority over Highways — Trespasser.* A township trustee has a general supervisory control of all the business affairs of his township, including those pertaining to a public highway, and a person performing necessary labor under his direction upon such highway is not a trespasser, within the provision of chapter 115, General Statutes of 1889.

Error from Marshall district court; R. B. SPILMAN, judge. Opinion filed June 20, 1898. Affirmed.

*J. A. Broughton,* and *W. S. Glass,* for plaintiff in error.

*John McCoy, E. A. Berry,* and *Cal. T. Mann,* for defendants in error.

The opinion of the court was delivered by

WELLS, J. : This action was brought by the plaintiff in error as plaintiff in the court below against the defendants in error, under the provisions of chapter 113, Laws of 1868, the same being section 423, chapter 100, General Statutes of 1897, to recover treble damages for removing stone from the land of the plaintiff. There was a second count in the petition, but as the court below instructed the jury to ignore it, and said action was not complained of, it will require no consideration at our hands. The defendants' answer in substance admitted the taking of certain stone, but avers that it was taken from the public highway, and for the purpose of removing a serious obstacle and impediment to travel thereon, and under the direction of the trustee and treasurer of the township in which said road was located ; and that the contract to remove said rock was made with the full knowledge and consent of the plaintiff. In reply, the plaintiff filed a general denial. The case was tried to the court and a jury. The jury returned a general verdict for the defendants, and in answer to a special question asked by the plaintiff found that the defendants did not remove more rock from the road in question than was necessary to establish a good grade. A motion for a new trial was made and overruled. Judgment was rendered for the defendants for costs, and the case is brought here for review.

The only question requiring consideration in this case is, Has the township trustee such authority over the highways in his township as to prevent a person from becoming a trespasser who works upon the roads therein under his direction in making necessary im-

provements thereon?   This question must be answered in the affirmative.

Among the duties of the township trustee provided by statute are "to see to a proper application of all moneys belonging to his township for road or other purposes ; to have the care and management of all property, real and personal, belonging to his township, and to superintend the various interests thereof ; he shall superintend all the pecuniary concerns of his township ; annually make a complete report to the county commissioners of the affairs of his township ; shall have the custody and disposition of the property of his township ; shall prosecute all violations of the road laws ; and may remove obstructions from the highway where the road overseers refuse to do so.

It is not necessary to determine the exact line that divides the authority of the road overseer from that of the trustee.   It is sufficient if there was not an entire lack of authority on the part of the trustee.

No trespass having been committed this action could not be sustained, and it is immaterial what errors the court below may have made ; they could not have prejudiced the plaintiff in error's right, as he had none under the action as brought.

The judgment of the court below will be affirmed.